UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRON SIMMONS,<br><br>    Plaintiff,<br><br>  v.<br><br>OFFICER S. ARANDA and WARDEN ANTHONY HEDGPETH,<br><br>    Defendants.<br>_____/ | No. C 11-6190 SBA (pr)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff Barron Simmons, an inmate currently housed at Corcoran State Prison, commenced this action by filing a complaint in Monterey County Superior Court under 42 U.S.C. § 1983 against Defendants employed at Salinas Valley State Prison (SVSP), where Plaintiff was previously incarcerated. Defendants removed the action to federal court on the ground that the complaint alleges a violation of Plaintiff's rights under the United States Constitution. See 28 U.S.C. § 1441(b). Venue is proper because SVSP is located in Monterey County, which lies in this district. Plaintiff's complaint is now before the court for pre-service review under 28 U.S.C. § 1915A.

## BACKGROUND

Plaintiff's complaint consists of one paragraph which states that on September 17, 2010, "prison staff" used excessive force on him while he was in a holding cell. He identifies Officer Aranda and Warden Hedgpeth as the two individuals who used excessive force. On the basis of these allegations, Plaintiff asserts a federal claim for cruel and unusual

punishment under the Eighth Amendment and state law claims of negligence and an intentional tort. This initial review of Plaintiff's complaint focuses on his federal claim for excessive force.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Leer, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id. A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer v. Brennan, 511 U.S. 825, 834 (1994), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton. Id.; LeMaire v. Maass, 12 F.3d 1444, 1451 (9th Cir. 1993). When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson, 503 U.S. at 6–7.

Plaintiff's conclusory allegations are insufficient to state an excessive force claim against Officer Aranda or Warden Hedgpeth. Rule 8 of the of the Federal Rules of Civil Procedure only requires that the complaint set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to state the specific acts of the defendant that violated the plaintiff's rights fails to meet the notice requirements of Rule 8(a). Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). Here, Plaintiff's allegations do not meet the minimal requirements set forth for notice pleading in Rule 8. To state a claim against Aranda, Plaintiff must, at a minimum, include allegations describing the incident in which Aranda used excessive force on Plaintiff. Furthermore, under § 1983, supervisors are not vicariously liable for acts of their subordinates. Therefore, to state a claim against Warden Hedgepeth, Plaintiff must allege facts showing his personal involvement in inflicting excessive force on Plaintiff and a sufficient causal connection between his wrongful conduct and the infliction of excessive force.

Therefore, the excessive force claim is dismissed with leave to amend. The Court will determine whether to exercise supplemental jurisdiction over Plaintiff's state law claims when it reviews Plaintiff's amended complaint.

**CONCLUSION**

For the foregoing reasons,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's Eighth Amendment claim for excessive force is DISMISSED WITH LEAVE TO AMEND.

2. The amended complaint must be filed no later than **twenty-eight days from the filing date of this Order**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present.  Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Failure to amend within the designated time will result in the dismissal of his federal claim.

3. The Clerk of the Court shall provide Plaintiff with a blank civil rights complaint form.

4. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: _2/20/13

SAUNDRA BROWN ARMSTRONG
United States District Judge

4

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRON SIMMONS, | Case Number: CV11-06190 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| ARANDA et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 22, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Barron Simmons G23039
Corcoran State Prison
P.O. Box 8800
4001 Kings Avenue
Corcoran, CA 93212

Dated: February 22, 2013

Richard W. Wieking, Clerk
By: Lisa Clark, Deputy Clerk

G:\PRO-SE\SBA\CR.11\Simmons 11-6190 DWLA.wpd

5