IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRON SIMMONS, | No. C 11-6190 SBA (PR) |
| Plaintiff, | **ORDER DISMISSING STATE LAW CLAIMS AND CLAIM AGAINST DEFENDANT HEDGPETH; AND SETTING BRIEFING SCHEDULE** |
| v. | |
| OFFICER S. ARANDA, et al., | |
| Defendants. | |

## BACKGROUND

Plaintiff, who is currently incarcerated at California State Prison - Corcoran, filed this action as a civil action in the Monterey County Superior Court, Simmons v. Aranda, et al., M113904. Plaintiff alleged that Officer S. Aranda and Warden Anthony Hedgpeth, employees at Salinas Valley State Prison ("SVSP") where Plaintiff was previously incarcerated, violated his federal and state constitutional rights.

On December 9, 2011, Defendants Aranda and Hedgpeth (who have been served and are represented by the State Attorney General's Office) removed the action to this Court on the ground that the pleadings alleged federal claims. See 28 U.S.C. § 1441(b). Venue is proper because a substantial part of the events giving rise to the action occurred at SVSP, which is located in this judicial district. See 28 U.S.C. § 1391(b).

In an Order dated February 20, 2013, the Court dismissed Plaintiff's complaint with leave to amend on the ground that Plaintiff's conclusory allegations were insufficient to state an excessive force claim against either Defendant. The Court indicated that it would "determine whether to exercise supplemental jurisdiction over Plaintiff's state law claims when it review[ed] Plaintiff's amended complaint." (Feb. 20, 2013 Order at 3.)

On March 6, 2013, Plaintiff filed an Amended Complaint, the operative pleading before the Court. Plaintiff alleges that on September 17, 2010, Defendant Aranda used excessive force against him by engaging in the following actions: grabbing Plaintiff's walker

United States District Court
For the Northern District of California

with his left hand and slamming Plaintiff to the floor with his right hand; slamming Plaintiff's head on the concrete; using his knee on Plaintiff's back; and busting Plaintiff's hand by causing it to bleed. (Am. Compl. at 3.) Defendant Aranda also allegedly kicked Plaintiff until other SVSP employees intervened and stopped him. Plaintiff alleges he suffered injuries to his head, hand and back, including a "knot" on his head. (Id.) Plaintiff does not name or include any claims or allegations against Defendant Hedgpeth in his Amended Complaint. Nor does Plaintiff assert any state law claims in his Amended Complaint.

The Court now conducts its review of the Amended Complaint pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

### II. Legal Claims

#### A. Excessive Force

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive

2

force against prisoners. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer v. Brennan, 511 U.S. 825, 834 (1994), and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton. Id.; LeMaire v. Maass, 12 F.3d 1444, 1451 (9th Cir. 1993). When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson, 503 U.S. at 6-7.

The Court finds that Plaintiff's new factual allegations, which are summarized above, are sufficient to state an Eighth Amendment excessive force claim against Defendant Aranda.

### B.  Claim Against Defendant Hedgpeth

In its February 20, 2013 Order, the Court dismissed Plaintiff's claim against Defendant Hedgpeth with leave to amend. Because Plaintiff includes no claims or allegations against Defendant Hedgpeth in his Amended Complaint, the claim against Defendant Hedgpeth is deemed to have been waived. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.").[1]

### C.  State Law Claims

In his original complaint, Plaintiff alleged state law negligence and tort claims. (Compl. at 3.) In his Amended Complaint, Plaintiff does not allege any state law claims. Therefore, Plaintiff's previously-alleged state law claims are deemed to have been waived. See id.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

---

[1] In its February 20, 2013 Order, the Court noted that: "Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present." (Id. at 4 (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).)

1. Plaintiff states a cognizable claim for excessive force against Defendant Aranda.

2. Plaintiff's claim against Defendant Hedgpeth and Plaintiff's state law claims are deemed waived.

3. Defendant Aranda has already been served; therefore, the Court directs the parties to abide by the scheduling order outlined below.  In order to expedite the resolution of this case, the Court orders as follows:

4. Defendant shall answer the Amended Complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

    a. No later than **sixty (60) days** from the date the answer is due, Defendant shall file a motion for summary judgment or other dispositive motion.  The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a Rand[2] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion.  Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  However, the Court notes that under the *new* law of the circuit, in the rare event that a failure to exhaust is clear on the face of the Amended Complaint, Defendant may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.  Albino v. Baca, No. 10-55702, slip op. at 4 (9th Cir. Apr. 3, 2014) (en banc) (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be

---

[2] Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998).

United States District Court
For the Northern District of California

raised by a defendant as an unenumerated Rule 12(b) motion).  Otherwise if a failure to exhaust is *not* clear on the face of the Amended Complaint, Defendant must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56.  Id.  If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendant are entitled to summary judgment under Rule 56.  Id. at 4-5.  But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding.  Id. at 5, 10.

If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date the summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

      b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** after the date on which Defendant's motion is filed.

      c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your Amended Complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand, 154 F.3d at 962-63.

Plaintiff also is advised that -- in the rare event that Defendant argues that the failure

to exhaust is clear on the face of the Amended Complaint -- a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your Amended Complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case.  Albino, slip op. at 5, 10.

(The notices above do not excuse Defendant's obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  Woods, 684 F.3d at 935.)

   d.  Defendant shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

   e.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

  5.  Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

  6.  All communications by Plaintiff with the Court must be served on Defendant by mailing a true copy of the document to Defendant's counsel.

  7.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

1  Court informed of any change of address and must comply with the Court's orders in a timely
2  fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
3  pursuant to Federal Rule of Civil Procedure 41(b).

4        8.    Extensions of time are not favored, though reasonable extensions will be
5  granted.  Any motion for an extension of time must be filed no later than **fourteen (14) days**
6  prior to the deadline sought to be extended.

7       IT IS SO ORDERED.

8  DATED: May  5 , 2014



SAUNDRA BROWN ARMSTRONG
United States District Judge